IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEON RUSSELL RUSSETTE,<br><br>Defendant. | CR-07-150-GF-DLC-RKS-01<br><br>FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE |

## I. Synopsis

Mr. Russette was charged with violating his supervised release conditions by failing to comply with substance abuse testing, substance abuse treatment, and mental health treatment requirements. He admitted the violations. Mr. Russette's supervised release should be revoked. He should be incarcerated for 10 months, with 18 months supervised release to follow.

## II. Status

Mr. Russette plead guilty in 2008 to Assault with a Dangerous Weapon. Doc. 21. He was sentenced to 76 months in prison, which was later reduced to 63

months, and three years supervised release. Doc. 26, 43. Mr. Russette was released in November 2012, but violated the conditions of his release almost immediately. Doc. 45. Mr. Russette was ordered to spend an additional eight months in custody as a sanction for the violations, with 28 months supervised release to follow. Doc. 54. He began his current term of supervised release on August 23, 2013. The United States Probation Officer immediately submitted a "Report on Offender Under Supervision" alleging that Mr. Russette tested positive for methamphetamine and alcohol at his initial supervised release meeting. The report recommended that Mr. Russette remain on supervised release, and he did. Doc. 56.

**Petition**

The United States Probation Office filed a petition on November 8, 2013, requesting revocation of Mr. Russette's supervised release. The petition alleged that Mr. Russette had violated three conditions of his supervised release. It alleged he: 1) violated Special Condition 1 by failing to report for substance abuse testing on September 30, October 24, and October 27, 2013; 2) violated Special Condition 2 by failing to attend substance abuse treatment sessions in September and October of 2013; and 3) violated Special Condition 3 by failing to attend mental health treatment sessions in September and October 2013. Doc. 57. Based on the

petition, the undersigned issued a warrant for Mr. Russette's arrest. Doc. 58.

**Initial appearance**

Mr. Russette was arrested on November 28, 2013. Doc. 59. He appeared before the undersigned on December 3. Mr. Russette was accompanied by Federal Defender R. Henry Branom, who was appointed as counsel. The United States was represented by Assistant United States Attorney Ryan Weldon. Mr. Russette said he had read the petition and understood the allegations. Mr. Weldon warned Mr. Russette could be incarcerated for up to 24 months if his supervised release is revoked. Mr. Russette waived his right to a preliminary hearing. Doc. 60.

The undersigned informed Mr. Russette that a revocation hearing would be held, and based on that hearing a recommendation would be made to United States District Judge Dana Christensen, who will decide whether to revoke his supervised release and, if appropriate, impose a sanction. Mr. Branom said he and Mr. Russette were prepared to proceed immediately to the revocation hearing. Mr. Weldon was also prepared to proceed, so the revocation hearing commenced. Doc. 60.

**Revocation hearing**

Mr. Russette was present at the revocation hearing with Mr. Branom. Mr. Weldon represented the United States. Mr. Russette admitted to violating his

conditions of supervised release, as alleged in the petition.

The undersigned believes Mr. Russette's admissions establish violations. Mr. Russette appeared to make the admissions knowingly and after consultation with his attorney. The violations merit revocation of Mr. Russette's supervised release because they were deliberate violations of several conditions, after a warning for non-compliance.

Mr. Russette's violation grade is C, his criminal history category is III, and the underlying violation is a Class C felony. He could be incarcerated for up to 24 months. The United States Sentencing Guidelines call for 5 to 11 months imprisonment. U.S. Guidelines Manual, Ch. 7. Mr. Russette could be ordered to remain on supervised release for up to 28 months, less any custodial time imposed. Mr. Branom and Mr. Weldon agreed with that statement of potential penalties.

Mr. Branom requested a sanction of incarceration at the low end of the guideline range. Mr. Branom explained that Mr. Russette actually wants additional supervised release, as he has recently resolved to turn his life around. Though Mr. Russette had violated several conditions, Mr. Branom noted that he has passed all his substance abuse tests since the warning on August 23. Mr. Branom also argued that a shorter custodial term would allow a longer supervised release term, which would give Mr. Russette a better chance of succeeding in the community.

Mr. Russette addressed the court.  He explained that his incarceration on the underlying offense had hardly daunted him, but that he felt differently during his recent custodial sanction.  Mr. Russette described seeing elderly inmates who had spent their lives in prison, and said he didn't want to become one of them.  He said that he has a son with whom he wants to spend time.  Mr. Russette said he is "done with this life."

Mr. Weldon requested a sanction of 11 months incarceration.  Mr. Weldon agreed that additional supervised release is appropriate, but argued that a custodial sanction at the top of the guideline range is justified because Mr. Russette has already been revoked once and had the benefit of a warning for alleged non-compliance prior to the petition for revocation.

**Analysis**

Mr. Russette  should be ordered into custody for 10 months, with 18 months supervised release to follow.  Mr. Russette's poor record of compliance with supervised release conditions warrants a sanction near the top of the guideline range.  In fact, it would warrant a significant upward departure from the guideline range.  However, Mr. Russette compellingly expressed a desire to comply with the law and live peacefully in the community.  His request for additional supervised release backs up those words.   While a serious custodial sanction is necessary, Mr.

Russette should be afforded the opportunity to prove his commitment as soon as practicable.  A 10-month custodial period balances those interests.

Supervised release should be continued for the maximum allowable term.  While Mr. Russette has failed on supervised release in the past, both parties and the undersigned believe there is a chance it will benefit Mr. Russette in the future.

## Conclusion

Mr. Russette was informed that the sanction described above would be recommended to Judge Christensen, who will ultimately decide whether to revoke supervised release and what, if any, sanction to impose.  Mr. Russette was advised that he has a right to object to the Findings and Recommendations within 14 days of their issuance, and that Judge Christensen will not make his decision without considering Mr. Russette's objection if it is properly filed within the alloted time.

The Court makes the following **FINDING:**

1. Mr. Russette violated Special Condition 1 of his supervised release by failing to report for substance abuse testing on three occasions in September and October of 2013.
2. Mr. Russette violated Special Condition 2 of his supervised release by failing to participate in substance abuse treatment in September and October of 2013.
3. Mr. Russette violated Special Condition 3 of his supervised release by failing to participate in mental health treatment in September and October of

2013.

It is thus **RECOMMENDED:**

1. The District Court enter the attached Judgement, revoking Mr. Russette's supervised release and committing Mr. Russette to the custody of the United States Bureau of Prisons for a term of imprisonment of 10 months, with 18 months supervised release to follow.

2. The District Court should continue those conditions of supervised release previously imposed, as fully set forth in the attached Judgment.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and

Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 4th day of December, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge